## Globe Accident Insurance Company v. Maria M. Gerisch, Administratrix, etc.

1. EVIDENCE—*Statements by Sick or Injured Persons.*—The character of an injury may be explained by exclamations of the pain and terror of the injured person at the time the injury is received, and by declarations as to its cause. So when the nature of a person's sickness or injury is in litigation, his instinctive declarations to his physician or other attendants, are competent evidence.

2. CONDITIONS OF THE POLICY—*Rule of Construction.*—Where a condition or clause in a policy is in the form and phrase adopted by the insurer, if it is of uncertain meaning, it must be construed most strongly against the insurer.

3. FORFEITURES—*Defenses to Actions on Insurance Policies.*—When a forfeiture is set up as a defense to an action upon an insurance policy it must rest upon a clear and definite provision, the more so when the condition relied upon is in language selected and employed by the party making the defense.

Assumpsit, on a policy of insurance. Appeal from the City Court of Canton; the Hon. JEFFERSON ORR, Judge, presiding. Heard in this court at the May term, 1895. Affirmed. Opinion filed November 15, 1895.

GRANT & CHIPERFIELD, attorneys for appellant; G. W. McDONALD, of counsel.

ABBOTT & WORLEY, attorneys for appellee.

MR. JUSTICE WALL DELIVERED THE OPINION OF THE COURT.
This action was upon a policy of insurance issued to Philip Gerisch, the plaintiff's intestate. The case was tried by the court, a jury being waived, and the finding was for plaintiff.

Judgment followed, from which the present appeal is prosecuted. The declaration averred that the deceased accidentally severely and fatally strained and injured his body in the abdominal region by lifting a box of cinders and ashes, from which strain and injury he died. The principal, indeed the only important question of fact is whether his death was caused as so alleged. We have carefully read the evidence and the argument of counsel, and after due consideration are convinced there was sufficient evidence to justify the finding in this respect. The evidence may be termed circumstantial, but it is persuasive. It was the business of the deceased to move the cinders and ashes, and though no one saw him do it, it was done at the proper time, and within a very short time after he was seized with pain in the lower part of the abdomen which continued to increase for several days, when external swelling and inflammation appeared, attended with more intense pain, and finally a surgical operation was performed which disclosed a condition of the internal parts that, according to some of the medical testimony, which was not contradicted, was probably caused by an accidental strain, as by lifting or the like.

Two days after the operation he died.

The attending physician made affidavit that the "cause of death was strangulation of the bowels, produced by a strain," and testified to the same effect on the trial. He was somewhat corroborated and not contradicted by the other physicians who were on the stand as witnesses. In answer to the physician's inquiries the patient described his pain, and stated he had strained himself carrying the ashes, and then first felt the pain, which was continuous thereafter.

The physician was not called until the pain had become

very severe, and no doubt these statements thus made were instinctive and truthful. They were competent evidence. It is said in Wharton's Law of Evidence, 2d Ed., Sec. 268, " It is well settled that the character of an injury may be explained by exclamations of pain and terror at the time the injury is received and by declarations as to its cause. So when the nature of a party's sickness or hurt is in litigation his instinctive declarations to his physician or other attendant may be received." Citing, among other cases, Ins. Co. v. Mosely, 8 Wallace, 397.

The argument of counsel on this branch of the case cites numerous authorities which are thought to be more or less in point. It is not practicable to examine those cases and discuss their bearing upon the question. We are satisfied that upon reason and authority the unpremeditated, spontaneous, instinctive answer of a sick man, suffering more or less pain, to the inquiries of his physician as to the nature, location and other circumstances of his malady, when it began, how it progressed and the like, should be heard by the court when the nature and cause of the illness are involved, in case of the death of the patient and when no evidence more direct is to be had.

The physician acts upon the information thus received in connection with all the symptoms and appearances, and when the life of the patient is at stake, determines upon the proper treatment. It is rational to do so.

Why should the court refuse to hear it when property only is in dispute? Of course it is not conclusive, and under some circumstances may be very unsatisfactory and even incredible to some extent. But this goes merely to its weight, not to its competency.

But if these declarations were excluded there is enough evidence to establish a *prima facie* case, as alleged in the declaration, with really nothing to rebut or overcome it.

We are to regard the finding of the court with the same favor and presumption as the verdict of a jury, and we are quite satisfied with its conclusion in this respect.

It is suggested by counsel that the policy was forfeited

because the plaintiff gave no notice to the company within seven days, etc.

The provision of the policy upon which this point is based reads as follows :

"Unless claimant gives home office, at Indianapolis, within seven days, written notice, stating name, address, occupation, date and causes of injury, and within ninety days from date of injury, and within thirty days from date of death, verified written proof thereof, all claims therefor shall be forfeited."

The "claimant" may be the insured, or in case of his death within ninety days from the accident, it may be his legal representative.

The notice is to be given within seven days. But when does that time begin to run?

As applied to the insured, from the date of the accident, no doubt. But it would be very unreasonable to require the legal representative to give notice within that time when, as in the present case, seven days intervened between the injury and the death.

Not until death occurred was plaintiff a claimant, and then the seven days had elapsed, and so it might be in any case when the legal representative is the claimant, for by the terms of the policy if death occurs within ninety days of the injury the claim is transferred to the legal representative, who must make the "verified written proofs" within thirty days after the death.

This condition or clause in the policy is in the form and phrase adopted by the company, and if it is of uncertain meaning it must be construed most strongly against the company. The "claimant," not necessarily the insured, must give the notice.

In case of death the legal representative is the claimant, but does not become a claimant until he becomes a legal representative, and the death must first occur.

If the legal representative is bound to give such notice the seven days must date from the death when his claim arose, but that may have been, as already stated, at any time

within ninety days of the injury. Perhaps, however, the better construction is that this provision for notice within seven days is applicable to the insured only, and not to his legal representative.

The declaration does not aver that such notice was given, nor was any objection taken to it on that account, but we find from the record that the attending physician, presumably at the instance of the plaintiff, wrote to the company very soon after the death, giving all details and stating that the injury was the direct cause thereof.

This letter elicited a response from the company, dated within seven days of the death, and it was a sufficient notice if it was in time, and if the plaintiff can claim the benefit of it. If the plaintiff was bound to give such notice it was in time, and in the absence of proof to the contrary we will presume it was given at her instance, or at least in her behalf.

In view of the ambiguous terms employed we are not inclined to hold that the legal representative is barred because the insured did not give notice within seven days of the receipt of the injury.

When a forfeiture is set up as a defense it ought to rest upon a clear and definite provision—the more so when the clause relied upon is in language selected and employed by the party making the defense.

We are of opinion the judgment is right, and it will be affirmed.